UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      Case No. 16-cr-20460
                                                        HON. MARK A. GOLDSMITH

D-8 COREY MILLS,

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS (Dkt. 220)**

This matter is before the Court on Defendant Corey Mills's motion for a bill of particulars (Dkt. 220). This issue has been fully briefed and a hearing was held on August 24, 2017. For the reasons discussed below, the Court denies Mills's motion.

**I. BACKGROUND**

On January 31, 2017, the Government filed its First Superseding Indictment, which charges Mills and the other Defendants with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). See generally 1st Superseding Indictment (Dkt. 39). The indictment alleges that Mills and the other Defendants were members or associates of a street gang known as 6 Mile Chedda Grove, based on the east side of Detroit. Id. ¶ 1. The purpose of the gang allegedly includes "[p]reserving and protecting the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and threats of violence." Id. ¶ 9. The indictment alleges that the gang's profits derive primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine. Id. ¶ 6.

1

As it relates to Mills in particular, the indictment alleges that he committed the following overt acts:

> (21) On or about November 7, 2013, EDWIN MILLS, MARIO JACKSON, COREY MILLS, and 6 Mile member F were present on the premises of a residence in which three firearms, an ammunition magazine, and marijuana were found in Detroit, Michigan.
>
> (23) On or about March 21, 2014, COREY MILLS possessed marijuana in Detroit, Michigan.
>
> (24) On or about June 13, 2014, COREY MILLS possessed marijuana in Detroit, Michigan.
>
> (27) On or about July 31, 2014, COREY MILLS distributed marijuana in Detroit, Michigan.
>
> (50) On or about September 17, 2015, 6 Mile member A uploaded to Facebook a photograph of CARLO WILSON, DONELL THOMPSON, LOMNIL JACKSON, COREY MILLS, and 6 Mile member C displaying 6 Mile hand signs, with a titled that stated "#boyz."
>
> (51) On or about October 26, 2015, a rap video was published on YouTube titled, "B4 RAP," that depicted EDWIN MILLS, CARLO WILSON, LOMNIL JACKSON, COREY MILLS, ROBERT BAYTOPS, MICHAEL RICHARDSON, PHILLIP PEAKS, and 6 Mile member C, and included oral statements by PHILLIP PEAKS about crimes of violence and narcotics possession.
>
> (54) On or about January 28, 2016, COREY MILLS possessed marijuana and a loaded firearm in Detroit, Michigan.

Id. ¶ 12.

## II. ANALYSIS

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." A bill of particulars is meant to serve the following purposes:

> (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense where the indictment itself is too vague, and indefinite for such purposes.

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976); see also United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) ("A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."); United States v. Hayes (John Earl), 884 F.2d 1393 (Table), 1989 WL 105938 at *3 (6th Cir. 1989) ("The test in this circuit for determining whether a Bill of Particulars should issue is whether the indictment is sufficiently specific to inform defendants of the charges against them, to protect them from double jeopardy, and to enable them to prepare for trial."). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Anderson, 605 F.3d 404, 411 (6th Cir. 2010) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." Salisbury, 983 F.2d at 1375; see also United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (holding that a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation."); United States v. Watkins, No. 1:06-CR-00048, 2007 WL 1239208, at *1 (W.D. Ky. Apr. 27, 2007) ("The Court should not grant a Bill of Particulars merely to aid a defendant in discovery."). "This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the

3

conspiracy." Hayes, 1989 WL 105938 at *3; see also Salisbury, 983 F.2d at 1375 ("a defendant is not entitled to discover all the overt acts that might be proven at trial."); United States v. Martin, 822 F.2d 1089 (Table), 1987 WL 38036 at *3 (6th Cir. 1987) ("a bill of particulars is not to be used as a general discovery device . . . This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy.").

Here, the superseding indictment is sufficiently specific to inform Mills of the charge against him, to protect him against double jeopardy, and to enable him to prepare for trial. The indictment lists the elements constituting racketeering conspiracy. 1st Superseding Indictment ¶ 11 ("[Defendants] being persons employed by and associated with 6 Mile, an enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with one another to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity[.]"). Further, the indictment provides factual allegations regarding Mills's overt acts in relation to the alleged enterprise, alleging seven such acts over a two year period. Id. ¶ 12.

Mills seeks to supplement these factual allegations with a bill of particulars outlining the times, places, circumstances, witnesses, and approximate dates of the defendant's involvement in the alleged racketeering conspiracy. Def. Mot. at 6-8. As noted above, a bill of particulars is not a vehicle to obtain discovery from the Government. Salisbury, 983 F.2d at 1375. This rule is especially apt where, like here, the defendant seeks further information regarding overt acts in a conspiracy case. Hayes, 1989 WL 105938 at *3.

Mills is not without evidence from which to marshal a defense. He has already been provided much in the way of Rule 16 disclosures. Mills states in his motion that the Government has provided him with "voluminous discovery," with the Government noting that it has provided him with 50,000 pages of documents, audio and video recordings, and hundreds of photographs. Gov. Resp. at 4. Given the extensive discovery provided to Mills, it appears the only purpose of a bill of particulars would be to lock the Government into a trial strategy far in advance of the trial date. See United States v. Haskins, 345 F.2d 111, 114 (6th Cir. 1965) ("When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial."); see also United States v. McKay, 45 F. Supp. 1001, 1004 (E.D. Mich. 1942) (holding that court should balance the defendant's need for the information against "the fact that the Government should not be unduly limited in the scope and presentation of its evidence offered at the trial in support of the offense charged in the indictment."). The balance of considerations should be struck here against requiring further disclosures by way of a bill of particulars.

### III. CONCLUSION

For the foregoing reasons, the Court denies Mills's motion for a bill of particulars (Dkt. 220).

SO ORDERED.

Dated: September 1, 2017       s/Mark A. Goldsmith  
Detroit, Michigan      MARK A. GOLDSMITH  
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2017.

                                            s/Karri Sandusky
                                            Case Manager